JUSTICE RICE,
concurring.
¶17 The appointment of a former spouse as personal representative seems to clearly contravene the general effort made in the probate code to ensure that a former spouse cannot take property from the decedent or his estate. To me, it is incongruent to prohibit a former spouse from taking property, yet permit her to administer the estate and presumably pay herself for doing so. Nonetheless, a former spouse is not expressly prohibited from serving under §72-3-501, MCA, nor from serving on behalf of the children, who are heirs with priority under §72-3-502, MCA, as their guardian and conservator. Section 72-3-505, MCA, grants guardians and conservators the right to “nominate,” “object,” and “participate”in determining the heirs’ preferences, which ostensibly includes the right to nominate herself, although says nothing about serving as personal representative on behalf of the protected person. After assessing these provisions, I cannot disagree with the Court’s decision. If the result here is contrary to the intended objective of the probate code, that objective has not been obtained by the language of these provisions, and legislative revision may be necessary.